1  RILEY SAFER HOLMES & CANCILA LLP
   JEFFREY R. WILLIAMS (CSB No. 084156)
2  jwilliams@rshc-law.com
   456 Montgomery Street, 16th Floor
3  San Francisco, CA  94104
   Telephone:  (415) 275-8550
4  Facsimile:   (415) 275-8551

5  RILEY SAFER HOLMES & CANCILA LLP
   JOSHUA L. ROQUEMORE (CSB No. 327121)
6  jroquemore@rshc-law.com
   100 Spectrum Center Drive, Suite 440
7  Irvine, CA 92618
   Telephone:  (949) 359-5520
8  Facsimile:   (949) 359-5501

9
   Attorneys for Defendant
10 ROYAL APPLIANCE MFG. CO. d/b/a TTI
   FLOOR CARE NORTH AMERICA
11

12                  UNITED STATES DISTRICT COURT

13                 SOUTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15  SUSAN PHILLIPS, EKATERINI CAMPOS, ROBERT JELLINEK, JANINE HARRISON, Individually And On Behalf Of Others Similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL APPLIANCE MFG. CO. d/b/a HOOVER,<br><br>Defendant. | Case No.  3:21-cv-00987-WQH-KSC<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Hon. William Q. Hayes<br><br>Date: July 6, 2021<br>Courtroom: 14B<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

Defendant Royal Appliance Mfg. Co. d/b/a TTI Floor Care North America, erroneously sued herein as Royal Appliance Mfg. Co. d/b/a Hoover respectfully submits to this Honorable Court the following memorandum of points and authorities in support of its Motion to Dismiss the Class Action Complaint under Federal Rule of Civil Procedure 9(b), and its alternative Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e).

///

///

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | SUMMARY OF COMPLAINT ALLEGATIONS | 2 |
| III. | LEGAL STANDARD | 3 |
|  | A. Rule 9(b) | 3 |
|  | B. Rule 12(e) | 4 |
| IV. | ARGUMENT | 5 |
|  | A. Rule 9(b)'s Heightened Pleading Standard Applies To All Causes Of Action In The Class Action Complaint | 5 |
|  | B. Plaintiffs' Allegations Supporting Their Fraud-Based Claims Do Not Satisfy Rule 9(b)'s Heightened Pleading Standard | 6 |
|  | C. Plaintiffs' Claims Are Vague and Unintelligible, Thus Precluding Defendant's Good Faith Response | 8 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cooper v. Pickett*
   137 F.3d 616, 627 (9th Cir. 1997) ........................................................................ 4

*Edwards v. Marin Park, Inc.*
   356 F.3d 1058, 1066 (9th Circ. 2004) .................................................................. 4

*In re iPhone 4s Consumer Litig.*
   637 F. App'x 414, 415–16 (9th Cir. 2016) ........................................................... 6

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*
   826 F. Supp. 2d 1180, 1204 (C.D. Cal. 2011) ..................................................... 6

*Kearns v. Ford Motor Co.*
   567 F.3d 1120, 1125 (9th Cir. 2009) ........................................................... 4, 5, 6

*La Bella v. Ahn*
   No. 10CV1760 JAH (RBB), 2011 WL 13356149, at *2 (S.D. Cal. Sept. 28, 2011) .................................................................................................................... 4

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
   519 F.3d 1025, 1031 (9th Cir. 2008) .................................................................... 2

*Marder v. Lopez*
   450 F.3d 445, 448 (9th Cir. 2006) ........................................................................ 3

*Marolda v. Symantec Corp.*
   672 F. Supp. 2d 992, 997 (N.D. Cal. 2009) ......................................................... 4

*McHenry v. Renne*
   84 F.3d 1172, 1179 (9th Cir. 1996) ............................................................... 8, 10

*Moore v. Kayport Package Exp., Inc.*
    885 F.2d 531, 540 (9th Cir. 1989) ...................................................................... 7

*N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*
    685 F. Supp. 2d 1112, 1123 (S.D. Cal. 2010) ................................................. 8, 10

*Porter v. Jones*
    319 F.3d 483, 494 (9th Cir. 2003) ...................................................................... 3

*Pub. Lands for the People, Inc. v. U.S. Dep't of Agric.*
    733 F. Supp. 2d 1172, 1201 (E.D. Cal. 2010) .................................................... 8

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097, 1106 (9th Cir. 2003) .................................................................. 6

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................................ 1

California Civil Code § 1761 ..................................................................................... 1

California Civil Code § 1793.1 .................................................................................. 1

Federal Rule of Civil Procedure 9(b) .................................................................... 1, 3

## I. INTRODUCTION

Plaintiffs Susan Phillips, Ekaterini Campos, Robert Jellinek, and Janine Harrison (collectively "Plaintiffs") bring a Class Action Complaint here against Defendant Royal Appliance Mfg. Co. d/b/a TTI Floor Care North America ("Royal Appliance" or "Defendant"), erroneously sued herein as Royal Appliance Mfg. Co. d/b/a Hoover Royal Appliance, asserting causes of action arising out of allegedly fraudulent and misleading warranty representations. Plaintiffs allege that Defendant's product advertising and/or packaging represented that each product came with a warranty. However, upon opening the respective products, Plaintiffs were allegedly directed to provide their personal information through a "product" or "warranty" registration. Plaintiffs then simultaneously allege several competing and contradictory facts. Specifically, they allege that Defendant: (1) did not provide warranties at all; (2) provided warranties, but made them contingent upon the completion of a product registration; and (3) provided warranties outright, but misled consumers to believe they were required to complete a product registration form to receive the benefit thereof. Moreover, Plaintiffs fail to specify exactly what purportedly misleading language was contained on "warranty registration cards" included with the products.

Plaintiffs first bring several fraud-based claims under California law, including a claim for violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1761, *et. seq.*, and a claim for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* Plaintiffs also allege a cause of action for violation of the Song Beverly Act ("SBA"), California Civil Code § 1793.1, based upon the identical course of conduct supporting the CLRA and UCL claims. The caselaw below establishes that all of these claims are subject to a heightened pleading standard of Federal Rule of Civil Procedure 9(b).

Plaintiffs fail to state with particularity the circumstances of the alleged fraud, as required by Rule 9(b). Plaintiffs do not include the specific language set forth in

any of the documents giving rise to the alleged fraud, nor do they attach copies thereof. Ultimately, the pleadings do not allege the misrepresentations with sufficient particularity. Therefore, Plaintiff's SBA, CLRA, and UCL claims should be dismissed pursuant to Rule 9(b).

In addition, Plaintiffs' contradictory, unintelligible, and vague pleadings foreclose the possibility of a good faith response by Royal Appliance. Accordingly, if this Court should deny Defendant's motion to dismiss under Rule 9(b), Defendant requests the Court grant the instant motion for a more definite statement pursuant to Rule 12(e).

## II.   SUMMARY OF COMPLAINT ALLEGATIONS[1]

The following is a summary of Plaintiff's allegations in the Class Action Complaint. Royal Appliance is a manufacturer of products and advertises that its products are sold with express warranties. (Class Action Compl. ¶ 2.) Defendant makes a "warranty registration" form available online and also includes "warranty registration" cards with its products. (Class Action Compl. ¶ 3.)[2]

Plaintiffs allege that they each purchased a Royal Appliance product after being led to believe the product contained a warranty. (Class Action Compl. ¶¶ 26–28, 36-38, 43–45, 53–55.) Upon opening the products, each respective Plaintiff discovered the product "did not come with a warranty" as they were led to believe. (Class Action Compl. ¶¶ 29, 39, 46, 56.) The Plaintiffs were instructed to complete a "warranty registration" in order to receive their warranty. (Class Action Compl. ¶¶ 30, 40, 47, 57.) At least two of the Plaintiffs were directed to an online registration form, which could be accessed at https://www.hoover.com/product-registration/.

---

[1] Defendant accepts the well-pleaded factual allegations of the Class Action Complaint as true solely for the purposes of this Motion to Dismiss. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[2] Plaintiffs do not attach copies of the physical registration cards, nor do they specify what website link can be used to access the online "warranty registration." In paragraphs 31 and 48 of the Class Action Complaint, Plaintiffs do provide a website link. However, that link is for "Product Registration," and makes no reference to warranties.

(Class Action Compl. ¶¶ 31, 48.)[3]  In addition, the other two Plaintiffs also make reference to an "warranty online registration form." (Class Action Compl. ¶¶ 40, 57.)

Plaintiffs allege that Royal Appliance violated the SBA by requiring warranty registration, and that this was a scheme to obtain consumer information, to chill the submission of consumer warranty claims, and/or to actually deny consumers the advertised warranties. (Class Action Compl. ¶¶ 6, 58, 59.)[4] Plaintiffs further contend that, had the packaging disclosed that the warranty was contingent on completing this registration, Plaintiffs would not have purchased the products or would not have paid a premium. (Class Action Compl. ¶ 61.)

Plaintiffs bring claims against Royal Appliance individually and on behalf of a class of all other similarly situated purchasers of Royal Appliance's warranted products for (1) violation of the SBA (Count I); (2) violation of the CLRA (Count II); and (3) violation of the UCL (Count III); (Class Action Compl. ¶ 1; factual allegations applicable to all Plaintiffs, ¶¶ 58–62; class allegations, ¶¶ 63–81; Count I, ¶¶ 82–97; Count II, ¶¶ 98–120; Count III, ¶¶ 121–139.)

## III.  LEGAL STANDARD

### A.  Rule 9(b)

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity, including an account of the "time,

---

[3] On a motion to dismiss, a court may also consider documents that are incorporated by reference but not physically attached to the complaint if they are central to plaintiff's claim and no party questions their authenticity. *See, e.g.*, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Consequently, Defendant attaches an image of the website linked in Plaintiffs' Class Action Complaint, attached hereto as **Exhibit A**.

[4] Plaintiffs simultaneously allege that they received no warranty, that they did receive a warranty, but it was contingent on registration of the product, and that they received a valid warranty outright, but were misled to believe registration was necessary. In addition, none of the Plaintiffs allege that they submitted any warranty claim, much less that any such claim was denied by Defendant.

place, and specific content of the false representations as well as the identified of the parties to the misrepresentations. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Circ. 2004) (citation omitted).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "Therefore, in an action based on state law, while a district court will rely on state law to ascertain the elements of fraud that a party must plead, it will follow Rule 9(b) in requiring that the circumstances of the fraud be pleaded with particularity." *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 997 (N.D. Cal. 2009); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires the plaintiff to allege "the who, what, when, where, and how" of the alleged fraudulent conduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). A plaintiff must describe the alleged fraud in specific enough terms "to give defendants notice of the particular misconduct so that they can defend against the charge." *Kearns*, 567 F.3d at 1124.

### B.   Rule 12(e)

Under the federal pleading standards, all that is required of a complaint is "a short and plain statement of the claim" that gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a).

However, a defendant's motion for a more definite statement should be granted where a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." Federal Rule of Civil Procedure 12(e).

"Courts will grant a Rule 12(e) motion only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *La Bella v. Ahn*, No. 10CV1760 JAH (RBB), 2011 WL 13356149, at *2 (S.D. Cal. Sept. 28, 2011) (internal quotations omitted).

## IV. ARGUMENT

### A. Rule 9(b)'s Heightened Pleading Standard Applies To All Causes Of Action In The Class Action Complaint

Because all of Plaintiff's claims in this matter are based on a unified course of allegedly fraudulent conduct by Royal Appliance, the heightened pleading standard should be applied to all causes of action.

As an initial matter, the Ninth Circuit has specifically held that Rule 9(b) applies to CLRA and UCL claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). The Ninth Circuit also applies Rule 9(b) to claims for which fraud is not an essential component of the cause of action. *Id.* Specifically, the court has held:

> While fraud is not a necessary element of a claim under the CLRA and UCL, a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct. A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim. In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading ... *as a whole* must satisfy the particularity requirement of Rule 9(b).

*Id.* (internal citations omitted) (emphasis added).

In this case, the Class Action Complaint sets forth claims under the SBA, CLRA, and UCL. Plaintiffs' UCL claim alleges that Royal Appliance's conduct is "fraudulent" and "highly likely to deceive." (Class Action Compl. ¶¶ 130–132.) Although Plaintiffs also allege the same conduct was unfair and unlawful, fraud need not be a necessary element of the claim to implicate the Rule 9(b) pleading standard. *Kearns*, 567 F.3d at 1125.

While Plaintiffs do not specifically refer to the term "fraud" in connection with the SBA and CLRA claims, these claims are supported by identical conduct alleged to be fraudulent under the UCL. (Class Action Compl. ¶¶ 82–139.) Specifically, all

causes of action rely on the factual allegations that each of Defendant's products at issue advertised a warranty, and that a physical or online registration form indicated each Plaintiff was required to submit their personal information in order to receive the benefit of the advertised warranty. (Class Action Compl. ¶¶ 58–62.) Therefore, the Plaintiffs allege a "unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of" each of those claims. *See Kearns*, 567 F.3d at 1125.

Accordingly, because the SBA, CLRA, and UCL claims emanate from this unified course of conduct, all claims "sound in fraud," and the pleading "as a whole" must comply with the standards set forth in Rule 9(b). *See id.*

### B. Plaintiffs' Allegations Supporting Their Fraud-Based Claims Do Not Satisfy Rule 9(b)'s Heightened Pleading Standard

Plaintiff's SBA, CLRA, and UCL claims generally fail to satisfy the heightened pleading standard of Rule 9(b) requiring Plaintiff to assert the particular circumstances of the alleged fraud.

Claims sounding in fraud must specify the "who, what, when, where, and how" of the alleged fraud in order to satisfy Rule 9(b)'s heightened pleading standard. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1204 (C.D. Cal. 2011) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Federal courts applying California law dismiss fraud-based claims that do not allege "the particular circumstances surrounding" the alleged fraudulent representations, such as what the sales materials "specifically stated," "which ones [the plaintiffs] found material," and "which sales material [the plaintiffs] relied upon in making [their] decision to buy" the product. *Kearns*, 567 F.3d at 1126 (district court properly dismissed nondisclosure-based fraud claims for failure to plead circumstances surrounding alleged misrepresentations for failure to satisfy Rule 9(b)); *see also In re iPhone 4s Consumer Litig.*, 637 F. App'x 414, 415–16 (9th Cir.

2016) (pointing to general advertising is insufficient to plead fraud, misrepresentation, CLRA, and UCL claims, as plaintiff must articulate basis for expectations and facts showing what the alleged representations were and why they were misleading).

In cases involving corporate fraud, "the allegations should include the misrepresentations themselves with particularity and, where possible, the roles of the individual defendants in the misrepresentations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

Here, the Class Action Complaint contains conclusory allegations that it was "represented" or "advertised" to Plaintiffs that the product was accompanied by a warranty. (Class Action Compl. ¶¶ 26, 36, 43, 53.) The allegations provide little to no detail as to: (1) how—i.e., in what manner —the representation or advertisement was imparted to each Plaintiff; or (2) specifically what each representation or advertisement said; or (3) what each specific "warranty registration" or "product registration" form said. Plaintiffs could have resolved many of these issues by simply attaching copies of the representations, advertisements, and registration forms/cards to the Class Action Complaint. However, no such documents were attached, leaving Royal Appliance to guess at the nature of Plaintiffs' claims, a position Rule 9(b) is designed to prevent.

While the Class Action Complaint includes a product registration link allegedly applicable to some Plaintiffs, that link is not useful. (Class Action Compl. ¶¶ 31, 48.) Plaintiffs Phillips and Harrison state they were "instructed" to register their product by means of that link. *Id.* However, they fail to state *how* they were instructed to do so. *Id.* Was this alleged "instruction" conveyed by a card or document contained in the product packaging itself? If so, what other language was contained on that document? Did it contain the requisite stipulation that the online registration did not affect the consumer's warranty? Despite the fact Plaintiffs' own claims depend upon the answers to these questions, the Class Action Complaint

- 7 -   Case No.  3:21-cv-00987-WQH-KSC
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
CLASS ACTION COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT

provides no such clarity. Royal Appliance is left to speculate as to the answers to these questions, and it is therefore unable to adequately defend itself in the face of Plaintiffs' fraud allegations as presently pleaded.

Ultimately, Plaintiffs have failed to provide the requisite level of specificity in their allegations of a unified course of fraudulent conduct. This lack of clarity requires dismissal of all causes of action under Rule 9(b).

### C. Plaintiffs' Claims Are Vague and Unintelligible, Thus Precluding Defendant's Good Faith Response

In this case, the core allegations of Plaintiffs claims are vague and unintelligible, foreclosing the possibility of a meaningful response by Royal Appliance. Accordingly, if the Court does not grant Royal Appliance's Rule 9(b) motion to dismiss, it should grant its alternative Motion under Rule 12(e) and order Plaintiffs to submit a more definite statement.

In order to survive a motion under Rule 12(e), a complaint must be "specific enough to apprise the defendant of the substance of the claim being asserted." *N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1123 (S.D. Cal. 2010).

"[E]ven though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *see also Pub. Lands for the People, Inc. v. U.S. Dep't of Agric.*, 733 F. Supp. 2d 1172, 1201 (E.D. Cal. 2010) (granting motion for a more definite statement where allegations were unclear).

Here, Plaintiffs have made unintelligible claims, thereby precluding a good faith response by Royal Appliance. First, Plaintiffs allege in vague terms that it was "advertised" or "represented" to them that each product came with an express

1  warranty. (Class Action Compl. ¶¶ 26, 36, 43, 53.) Next, in some sections of the
2  Class Action Complaint, Plaintiffs allege that the products simply did not come with
3  a warranty as advertised. (Class Action Compl. ¶¶ 6, 29, 39, 46, 56, 92). In other
4  sections, Plaintiffs allege that they did receive warranties, but that those warranties
5  were contingent upon registration of the respective products. (Class Action Compl.
6  ¶¶ 30–31, 47–48, 61, 108–109, 132). In other sections, Plaintiffs allege that the
7  products came with warranties outright, and that the registration card/form was
8  merely a tactic by which to obtain consumer information. (Class Action Compl. ¶¶
9  6, 32–33, 40, 49–50, 57, 58–59, 88, 92–93, 126–127.)

10  Plaintiffs further allege that the products come with "warranty registration
11  cards" and that a "warranty registration form" is available online, in violation of the
12  SBA. (3, 4–5, 29–33, 40, 47–50, 56–57, 88.) However, Plaintiffs do not allege,
13  either by quoting the terms or attaching a copy, any specific language or instructions
14  from the "warranty registration card." In fact, only Plaintiffs Phillips and Harrison
15  mention the physical registration card as part of their factual allegations. (30, 47.)
16  However, even those Plaintiffs do not conclusively allege that fact, as they merely
17  *recall seeing* a warranty registration card. (*Id.*) Again, they allege no specific
18  language contained on that card.

19  In light of the foregoing allegations, the deficiencies of Plaintiffs' claims go
20  far beyond mere lack of ancillary detail. Somehow, Plaintiffs simultaneously allege
21  that: (1) Defendant provided no warranties; (2) Defendant provided warranties, but
22  made them contingent upon registration; and (3) Defendant provided valid
23  warranties, but merely misled consumers into believing registration was necessary to
24  receive the benefits thereof. These allegations are mutually exclusive.

25  Moreover, Plaintiffs have not even provided the specific language or
26  instructions purportedly included on the "warranty registration cards," nor have they
27  attached copies thereof. That omission, when combined with the contradictory
28  allegations, leaves Royal Appliance without a clear understanding of the "substance

of the claim[s] being asserted." *N. Cty. Commc'ns Corp.*, 685 F. Supp. 2d at 1123. It is unreasonable to expect Royal Appliance to respond in good faith to such vague and contradictory pleadings. To do so would risk prejudicing Royal Appliance as this litigation develops.

It is one thing for a defendant to lack sufficient knowledge as to a minor detail that is ancillary to a complaint's core claims; it is another thing entirely for a defendant to be unable to admit or deny the most central allegations of a complaint. Here, Defendant is faced with the latter predicament. Accordingly, Defendant requests that this Court exercise its discretion and "require such detail as may be appropriate in [this] particular case." *McHenry*, 84 F.3d at 1179. In other words, Defendant requests that Plaintiffs be held to a basic pleading standard, and be ordered to make intelligible, cohesive, and detailed enough claims that Royal Appliance can meaningfully respond to them in answering the Complaint.

## V.   CONCLUSION

Based on the foregoing, Defendant Royal Appliance Mfg. Co. d/b/a TTI Floor Care North America respectfully requests that the Class Action Complaint be dismissed, in its entirety, for the failure to satisfy the heightened pleading standards of Rule 9(b). Alternatively, if this Court does not grant Defendant's motion to dismiss under Rule 9(b), Defendant requests that it grant the motion for a more definite statement pursuant to Rule 12(e).

Dated: June 1, 2021

RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Joshua L. Roquemore*
Jeffrey R. Williams
Joshua L. Roquemore
Attorneys for Defendant
ROYAL APPLIANCE MFG. CO. d/b/a
TTI FLOOR CARE NORTH AMERICA

# PROOF OF SERVICE

**Case Name:** Phillips, et al. v. Royal Appliance Mfg. Co.
**Case Number:** 3:21-cv-00987-WQH-KSC

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 100 Spectrum Center Drive, Suite 440, Irvine, CA 92618.

    On **June 1, 2021**, I caused the foregoing document(s) described as: **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT** to be served on all interested parties in this action as follows:

| | |
|---|---|
| KAZEROUNI LAW GROUP, APC<br>Abbas Kazerounian<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA 92626 | Attorneys for Plaintiff<br>Phone: 800-400-6808<br>Fax: 800-520-5523<br>Email: ak@kazlg.com |
| KAZEROUNI LAW GROUP, APC<br>Jason A. Ibey<br>321 N. Mall Drive, Suite R108<br>St. George, Utah 84790 | Attorneys for Plaintiff<br>Phone: 800-400-6808<br>Fax: 800-520-5523<br>Email: jason@kazlg.com |
| BLACK OAK LAW FIRM<br>Adib Assassi<br>1100 W. Town and Country Rd., Suite 1250<br>Orange, CA 92868 | Attorneys for Plaintiff<br>Phone: 800-500-0301<br>Fax: 800-500-0301<br>Email: adib@blackoaklaw.com |

    ☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

    ☒ **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    ☒ **FEDERAL** - I declare that I am employed in the office of a member of the

bar of this Court at whose direction the service was made.

Executed on **June 1, 2021**, at Irvine, California.

_____
Elaine Hellwig