UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN PHILLIPS, EKATERINI CAMPOS, ROBERT JELLINEK, and JANINE HARRISON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROYAL APPLIANCE MFG. CO. d/b/a Hoover,<br><br>Defendant. | Case No.: 21-cv-987-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Class Action Complaint and Motion for a More Definite Statement filed by Defendant Royal Appliance Mfg. Co. (ECF No. 5) and the Motion to Remand filed by Plaintiffs Susan Phillips, Ekaterini Campos, Robert Jellinek, and Janine Harrison (ECF No. 8).

///

///

# I.    BACKGROUND

On April 6, 2021, Plaintiffs Susan Phillips, Ekaterini Campos, Robert Jellinek, and Janine Harrison filed a Class Action Complaint against Defendant Royal Appliance Mfg. Co. d/b/a Hoover ("Royal Appliance") in the San Diego County Superior Court. (Compl., Ex. A to Notice of Removal ("NOR"), ECF No. 1-2 at 4). Plaintiffs bring consumer claims against Defendant Royal Appliance under California state law arising from Royal Appliance's alleged unlawful warranty practices.

On May 24, 2021, Royal Appliance removed the action to this Court under 28 U.S.C. § 1441(b) and "28 U.S.C. § 1332 . . . based on diversity of citizenship of the parties." (NOR, ECF No. 1 ¶ 3). In the Notice of Removal, Royal Appliance asserts that each named Plaintiff is "a citizen of the State of California" and is diverse from Royal Appliance, which is "incorporated in the State of Ohio, with its principal place of business in Charlotte, North Carolina." (*Id.* ¶¶ 4-8). Royal Appliance asserts that the Statement of Damages filed by Plaintiffs demonstrates that "the amount in controversy, exclusive of interest[] and costs, exceeds $75,000." (*Id.* ¶ 9).

On June 1, 2021, Royal Appliance filed a Motion to Dismiss Class Action Complaint and Motion for a More Definite Statement. (ECF No. 5). Royal Appliance moves to dismiss the Complaint pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure to allege fraud with particularity. In the alternative, Royal Appliance moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

On June 10, 2021, Plaintiffs filed a Motion to Remand. (ECF No. 8). Plaintiffs move to remand this case to the San Diego County Superior Court, or, in the alternative, "remand at least Plaintiffs' equitable claims." (ECF No. 8 at 2). Plaintiffs contend that Royal Appliance fails to demonstrate that the amount in controversy exceeds $75,000. Plaintiffs further contend that the Court lacks subject matter jurisdiction over Plaintiffs' equitable claims pursuant to the decision of the Court of Appeals for the Ninth Circuit in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), because "Defendant does not

demonstrate, nor even allege, that Plaintiffs' legal remedies are inadequate." (ECF No. 8-1 at 7).

On June 22, 2021, Plaintiffs filed an Opposition to the Motion to Dismiss. (ECF No. 9). On June 28, 2021, Royal Appliance filed a Reply in support of the Motion to Dismiss. (ECF No. 10).

On July 2, 2021, Royal Appliance filed an Opposition to the Motion to Remand. (ECF No. 11). Royal Appliance contends that this action meets the requirements for diversity jurisdiction under the Class Action Fairness Act ("CAFA"), because the parties are minimally diverse, there are more than 100 putative class members, and the aggregate amount in controversy exceeds $5,000,000. Royal Appliance further contends that *Sonner* is inapplicable, and it would be premature for the Court to remand Plaintiffs' equitable claims.

On July 12, 2021, Plaintiffs filed a Reply in support of the Motion to Remand. (ECF No. 12). Plaintiffs contend that Royal Appliance fails to provide sufficient evidence that the amount in controversy exceeds $5,000,000 under CAFA.

## II.    ALLEGATIONS IN THE COMPLAINT

Defendant Royal Appliance "is a manufacturer of products and advertises that its products are sold with express warranties." (Compl., Ex. A to NOR, ECF No. 1-2 ¶ 2). Royal Appliance "makes a warranty registration form available online and includes warranty registration cards with the packaging of its products." (*Id.* ¶ 3). In 2019, Plaintiffs each viewed an advertisement by Royal Appliance for a vacuum or carpet cleaner, which "advertised . . . that the Product was accompanied by Defendant's express warranties." (*Id.* ¶¶ 26, 36, 43, 53). The advertisements "did not contain any other terms, conditions, exclusions or limitations with respect to the warranty availability." (*Id.* ¶¶ 27, 37, 44, 54). Plaintiffs relied on the warranty promises and purchased the Royal Appliance products.

When Plaintiffs opened the product packaging, they "discovered that the Product[s] did not come with a warranty as Plaintiff[s] [] were led to believe." (*Id.* ¶¶ 29, 39, 46, 56). The online warranty registration form and the warranty card registration included with the

packaging "failed to inform Plaintiff[s] [] that it was for *product* registration only, and did not inform Plaintiff[s] [] that failure to complete the online form did *not diminish Plaintiffs['] warranty rights* as required by *California Civil Code* § 1793.1." (*Id.* ¶¶ 32-33, 40, 49-50, 57). "[A]s a result of Defendant's unlawful and deceitful business practices, Defendant is able to chill warranty claims and benefit economically by duping consumers into thinking that they do not have warranty rights unless they fill out the form and provide their personal information to Defendant." (*Id.* ¶ 6). "[C]onsumers actually do not have the warranties that were promised to them when they purchased their products as they must now register their warranties, a requirement that was not disclosed at the time of purchase." (*Id.*). If the exterior packaging of the products Plaintiffs purchased "disclosed that the warranty was contingent on registration by Plaintiffs providing their personal information, Plaintiffs would not have purchased the Products, or alternative would not have paid a premium for the Products." (*Id.* ¶ 61).

Plaintiffs seek to represent the following classes:

a.  All persons who purchased one or more of Defendant's products within California during the four (4) years immediately preceding the filing of the Complaint through the date of class certification, which were accompanied by a warranty or product registration card or form, or an electronic online warranty or product registration form, to be completed and returned by the consumer, which do not contain statements, each displayed in a clear and conspicuous manner, informing the consumer that: i) the card or form is for product registration, and ii) informing the consumer that failure to complete and return the card or form does not diminish his or her warranty rights.

b.  All persons who purchased one or more of Defendant's products within California during the three (3) years immediately preceding the filing of the Complaint through the date of class certification, which were advertised as being accompanied with an express warranty but which do not contain a warranty, and/or contain warranty activation, confirmation or registration cards requiring persons to provide their personal data or take additional steps in order to receive a warranty.

4

(*Id.* ¶ 64). Plaintiffs bring the following claims against Royal Appliance: (1) violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.*; (2) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; and (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* Plaintiffs seek declaratory relief, actual damages, punitive damages, restitution "in an amount equal to the total amounts paid and payable for the Class products," a civil penalty of two times the amount of actual damages, injunctive relief, and attorneys' fees and costs. (*Id.* at 22).

## III.   LEGAL STANDARD

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). District courts have original jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between "[c]itizens of different States." 28 U.S.C. § 1332(a). "Congress, in 2005, passed CAFA, which significantly expanded federal jurisdiction in diversity class actions" to include certain class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." *Lewis v. Version Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010); 28 U.S.C. § 1332(d)(2)(A). However, "federal diversity jurisdiction still exists for [] class actions that satisfy the general diversity jurisdiction provision of § 1332(a)." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 n.4 (9th Cir. 2007). "A class action [may] be heard in federal court under [traditional] diversity jurisdiction only if there [i]s complete diversity, i.e., all class representatives [a]re diverse from all defendants, and if at least one named plaintiff satisfie[s] the amount in controversy requirement of more than $75,000." *Lewis*, 627 F.3d at 398 (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549-51 (2005)).

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas*, 553 F.3d at 1244 (citing 28 U.S.C. § 1447(c)). "[R]emand may be ordered either for lack of subject matter jurisdiction or for 'any defect' in the removal procedure." *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) (quoting 28 U.S.C. § 1447(c)). Generally, there is a "strong presumption against removal" such that the removing party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244 (citing *Gaus*, 980 F.2d at 566). "[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

## IV. DISCUSSION

Plaintiffs assert that Royal Appliance removed this action on the basis of traditional diversity jurisdiction and "did not remove under CAFA." (ECF No. 8-1 at 5 n.1). Plaintiffs assert that Royal Appliance fails to meet its burden to demonstrate that the amount in controversy exceeds $75,000. Plaintiffs contend that Royal Appliance's assertion that the amount in controversy exceeds $75,000 is speculative, and "the mere assertion [in the Statement of Damages] that Plaintiffs are seeking up to a certain amount in punitive damages is insufficient to establish that the requisite amount in controversy is met." (*Id.* at 5). Plaintiffs contend that "the fact that Plaintiffs may alternatively seek up to nine (9) times the amount received by each Plaintiff in punitive damages does not disclose to either the Court nor the Defendant the initial amount being multiplied nor the final amount in controversy being requested." (*Id.* at 6).

Royal Appliance asserts that this action "is properly removed under Section 1332(d)"—CAFA—and "the requirement that there be $5,000,000 in controversy is clearly met in this case." (ECF No. 11 at 4). Royal Appliance contends that in the Notice of

Removal, "Defendant cited generally to section 1332, which of course includes subsection (d)." (*Id.* at 2). Royal Appliance contends that "Plaintiffs seek restitution of the purchase price of [the] products, . . . [and] direct-to-consumer sales of the products in question in California during the relevant period far exceed $5,000,000." (*Id.* at 4). Royal Appliance contends that "class action CLRA cases are frequently the subject of verdicts and settlements of more than $5 million," and the Statement of Damages demonstrates that "Plaintiffs intend to seek punitive damages in the amount of $100,000,000 or nine times actual damages, whichever is greater." (*Id.* at 4).

On Reply, Plaintiffs assert that Royal Appliance fails to demonstrate that the amount in controversy exceeds $5,000,000. Plaintiffs contend that the Declaration submitted by Royal Appliance "does not state what portion of [] sales were for products which were subject to the warranty registration cards or online forms which are the crux of the suit and which define the classes," and "the proposed classes are likely a much smaller subset and would likely have a much smaller sales figure." (ECF No. 12 at 3).

"A defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal . . . .'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (alteration in original) (quoting 28 U.S.C. § 1446(a)). Where the grounds for removal are apparent on the face of the complaint, the defendant must file the notice of removal "within thirty days of being served with the complaint." *ARCO Envtl. Remediation, LLC v. Dept. of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000); *see* 28 U.S.C. § 1446(b)(1). "The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'" *Id.* (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)). After the thirty-day period, "the removal petition cannot be [] amended to add allegations of substance but solely to clarify defective allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (allowing amendment where the notice of removal alleged that plaintiff was a citizen of Alaska and

defendant was a citizen of New York but should have "disclose[d] both the state of incorporation and the location of the corporation's principal place of business").

In this case, the Notice of Removal asserts that it was timely filed "within 30 days of Plaintiffs' service on Defendant of the Summons and Complaint." (NOR, ECF No. 1 ¶ 11). The Notice of Service of Process attached to the Notice of Removal reflects that the Complaint was served on April 22, 2021. (Ex. A to Notice of Removal, ECF No. 1-2 at 2). Royal Appliance filed the Notice of Removal on May 24, 2021, the Monday after the thirty-day deadline, which fell on a Saturday. The Notice of Removal states, in relevant part:

> Under 28 U.S.C. § 1332, this Court has original jurisdiction of this civil action based on diversity of citizenship of the parties . . . .
> . . .
> [T]he requirements of 28 U.S.C. § 1332 are satisfied, as there is complete diversity among the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

(ECF No. 1 ¶¶ 3, 10).

In the Notice of Removal, Royal Appliance does not assert CAFA jurisdiction as a basis for removal or allege that CAFA's requirements for minimal diversity, class size, and amount in controversy are met. Royal Appliance raised CAFA jurisdiction for the first time in Opposition to the Motion to Remand filed on June 22, 2021. Traditional diversity and CAFA constitute separate and distinct bases for removal jurisdiction. *See Dart Cherokee*, 574 U.S. at 84-85 (noting CAFA's distinct requirements: "the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million" (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). The Opposition was filed after the thirty-day removal period expired. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (construing opposition to motion to remand as an amendment to the notice of removal). Royal Appliance's assertions regarding CAFA jurisdiction are untimely. The Court considers whether this action was properly removed based on traditional diversity jurisdiction as asserted in the Notice of Removal. *See Victoriano v. Classic Residence Mgmt., LP*, No. 14cv2346-LAB (JLB), 2015 U.S. Dist. LEXIS 77886, at *10-11 (S.D. Cal.

June 15, 2015) ("The Notice of Removal alleged jurisdiction under the traditional diversity jurisdiction, and—for the first time—the Amended Notice alleged an entirely new basis for jurisdiction: CAFA. . . . [T]he Court . . . will [] only consider the original Notice of Removal in reviewing traditional diversity jurisdiction." (citations omitted)).

"[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious[,] . . . whatever the likelihood that [the plaintiff] will actually recover [the requested relief]." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15, 417 (9th Cir. 2018), *as corrected* (June 7, 2018).

> [The Court of Appeals for the Ninth Circuit] ha[s] defined the amount in controversy as the "amount at stake in the underlying litigation," *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005); this includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000).

*Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (third alteration in original).

"Generally, the amount in controversy is determined from the face of the pleadings." *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "A removing party must initially file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (quoting *Dart Cherokee*, 574 U.S. at 89). When "a defendant's assertion of the amount in

controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[T]he defendant's showing on the amount in controversy may rely on reasonable assumptions." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)). "[T]hose assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199.

In this case, the amount in controversy is not apparent from the face of the Complaint. Plaintiffs challenge Royal Appliance's assertion that "the amount in controversy, exclusive of interests and costs, exceeds $75,000." (ECF No. 1 ¶ 9). Both parties had "the opportunity to place evidence on the record supporting their respective positions as to the amount in controversy." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 702 (9th Cir. 2020), *as corrected* (Nov. 20, 2020), *reh'g en banc denied*, 2021 U.S. App. LEXIS 8340 (9th Cir. Mar. 22, 2021). Royal Appliance is the only party that submitted evidence, consisting of Plaintiffs' Statement of Damages attached to the Notice of Removal (Ex. B to NOR, ECF No. 1-3 at 2-3) and the Declaration of the Director of Finance for Royal Appliance attached to the Opposition to the Motion to Remand (Williams Decl., ECF No. 11-1 at 1-2).

In the Complaint, Plaintiffs seek the following monetary relief: restitution in an amount "equal to the total amounts paid and payable for the Class products;" "actual damages;" a "civil penalty of two-times actual damages;" "punitive damages;" "restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs;" and attorneys' fees and costs. (Compl., Ex. A to NOR, ECF No. 1-2 at 22). Plaintiff Phillips alleges that he purchased a $90 vacuum manufactured by Royal

Appliance. Plaintiff Jellinek alleges that he purchased a $120 vacuum manufactured by Royal Appliance. Plaintiff Harrison and Plaintiff Campos allege that they each purchased a $198 carpet cleaner manufactured by Royal Appliance. In the Statement of Damages, Plaintiffs "reserve the right when pursuing a judgment against Defendant . . . to seek punitive damages in the amount of $100,000,000 or nine (9) times the amount received by each class member, whichever is greater." (Ex. B to NOR, ECF No. 1-3 at 3). The Director of Finance for Royal Appliance states in a Declaration that "[b]etween May 1, 2017 and April 30, 2021, Royal Appliance had direct-to-consumer sales in the amount of $9,912,346.98 in the state of California," which, on information and belief, "were accompanied by express warranties." (Williams Decl., ECF No. 11-1 ¶¶ 2, 6).

The highest amount allegedly paid by any named Plaintiff for a Royal Appliance product in this case was $198. The amount of any actual damages from the alleged breach of warranty obligations is speculative, so the amount of any civil penalty is speculative. *See Chavez v. FCA US LLC*, No. CV 19-06003-ODW-GJSX, 2020 U.S. Dist. LEXIS 14783, at *5 (C.D. Cal. Jan. 27, 2020) (explaining that because "the amount of actual damages is speculative, [] an attempt to determine the civil penalty is equally uncertain"). The allegations in the Complaint and the evidence presented by Royal Appliance do not establish by a preponderance of the evidence that the potential recovery for any named Plaintiff exceeds $75,000. *See Gibson v. Chrystler Corp.*, 261 F.3d 927, 945-47 (9th Cir. 2001) (in evaluating punitive damages, the court considers those sought by the named plaintiff rather than by the putative class as a whole); *see also Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) ("[D]efendant proffers absolutely no evidence of potential punitive damages other than plaintiff's March 2000 'statement of damages.' Nor does anything in the record indicate that plaintiff's $ 1,000,000 estimate is anything but a bold and optimistic prediction."). The Court concludes that Royal Appliance has failed to meet its burden to demonstrate that removal in this case was proper.

///

///

11

**V.    CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Remand filed by Plaintiffs Susan Phillips, Ekaterini Campos, Robert Jellinek, and Janine Harrison (ECF No. 8) is granted. This case is remanded to the San Diego County Superior Court, where it was originally filed as Case No. 37-2021-00015486-CU-BT-NC.

IT IS FURTHER ORDERED that the Motion to Dismiss Class Action Complaint and Motion for a More Definite Statement filed by Defendant Royal Appliance Mfg. Co. (ECF No. 5) is denied as moot.

Dated:  September 3, 2021

Hon. William Q. Hayes
United States District Court

21-cv-987-WQH-KSC